IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| BENNY LEE CLARK, | : : : : | |
| Petitioner, | : : | HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | : : : | |
| ROSE WILLIAMS, | : : | CIVIL ACTION NO. 1:07-CV-0103-RWS |
| Respondent. | : | |

## **ORDER**

These matters come before the Court for review and consideration of the Order and Final Report and Recommendation [10] of the United States Magistrate Court and Petitioner's Objections thereto [11]. After reviewing the entire record, the Court enters the following Order.

## **Background**

Petitioner Benny Lee Clark, an inmate at the Johnson State Prison in Wrightsville, Georgia, brought the instant habeas corpus action challenging his

January 30, 2002 conviction in the Superior Court of Fulton County, Georgia, of burglary and giving a false name to a law enforcement officer.

In his sole ground on direct appeal, Petitioner contended that the trial court improperly admitted similar transaction evidence by failing to make an explicit finding concerning the prejudicial effect of that evidence on Petitioner. On March 9, 2005, the Georgia Court of Appeals rejected that argument and affirmed Petitioner's conviction. See Clark v. State, 611 S.E.2d 741 (Ga. Ct. App. 2005). Petitioner then filed a state habeas corpus proceeding in the Baldwin County Superior Court, raising four grounds for relief. After the Superior Court determined that each of Petitioner's grounds was procedurally barred, it denied relief on May 8, 2005. On October 15, 2006, Petitioner filed a certificate of probable cause in the Georgia Supreme Court, which was denied as untimely on November 20, 2006. Petitioner then filed the instant Petition on January 12, 2007.

In the instant habeas action, Petitioner raises four grounds for habeas relief. First, Petitioner claims that his indictment was legally defective because it was not returned in open court by grand jurors as a body or by a bailiff as required by state law. Second, Petitioner claims that similar transaction

2

evidence was admitted at trial in violation of the due process clause, and in any event, the evidence did not support the jury's verdict of guilty.  Third, Petitioner claims that the State engaged in prosecutorial misconduct by presenting false testimony.  And finally, Petitioner claims that the eyewitness testimony presented by the state was inconsistent and thus could not support the eventual jury finding of guilt.

Contemporaneous with the filing of the instant petition, Petitioner also filed two motions entitled "Motion for Reconsideration Dismissal of Application for Certificate of Probable Cause" [2], and "Motion to Amend Application for Certificate of Probable Cause" [3].  Both requested that this Court review the decision of the Georgia Supreme Court to dismiss his appeal of the state habeas court's denial of relief, which was based on its determination that Petitioner's Certificate of Probable Cause was untimely filed.  Petitioner later filed two additional motions seeking information concerning the denial by the Georgia Supreme Court of his Certificate of Probable Cause, and further requesting this Court to reconsider that decision.  (See Docs. 6, 7.)

In its Report & Recommendation dated August 15, 2007, the Magistrate Court concluded that the four grounds of relief raised by Petitioner were

3

procedurally barred.  The Court observed that Petitioner raised the same four claims before the state habeas court, which found that Petitioner had not raised those claims at trial or on direct appeal as required by O.C.G.A. § 9-14-48.  Because Petitioner could not demonstrate cause or prejudice in his failure to raise those objections at trial or on his direct appeal, see Murray v. Carrier, 477 U.S. 478, 493 (1986), the Magistrate Court concluded that the four grounds of relief were procedurally defaulted.  (See Rep. & Rec. [10] at 6-7.)

The Magistrate Court proceeded, however, to examine the merits of Petitioner's second ground for relief—the trial court's allegedly unconstitutional admission of similar transaction evidence—on the assumption that it raised the same ground as his challenge on direct appeal.  Concluding that Petitioner failed to demonstrate how the admission of the similar transaction evidence rendered his trial fundamentally unfair, the Magistrate Court recommended that habeas relief be denied.  (Id. at 8-9.)

Finally, the Magistrate Court recommended that Petitioner's additional motions seeking review of the Georgia Supreme Court's dismissal of Petitioner's appeal of his state habeas petition be denied.  (Id. at 2-4.)  The Court reasoned that Petitioner's request was directly contrary to the Rooker-

4

Feldman doctrine, which prohibits a federal district court from reviewing a final decision of a state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983).   The Magistrate Court also noted that, to the extent that Petitioner sought to challenge the fairness of his state habeas proceeding, such review was not within the proper scope of a § 2254 habeas proceeding.  Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987).

Petitioner has since filed an Objection to the Magistrate Court's Report and Recommendation.  In it, Petitioner requests that his motions for reconsideration of the decision by the Georgia Supreme Court be construed as "supplemental amendments" to ground two of his habeas petition.  He also argues, for the first time, that cause and prejudice excuses his failure to raise his four grounds of error in his direct appeal because appellate counsel was constitutionally ineffective.  (See Objection at 7.)  For the reasons that follow, the Court grants Petitioner's request to amend his habeas petition, but agrees with the Magistrate Court that that the instant petition must be denied.

5

AO 72A
(Rev.8/82)

## Discussion

Petitioner requests this Court to permit him to amend his habeas petition to include, within Ground Two of his habeas petition, his challenges to the Georgia Supreme Court's dismissal of his appeal of the state habeas court's denial of habeas relief. The Court will allow Petitioner to supplement his habeas petition with the argument he raises in those motions. Accordingly, insofar as Petitioner seeks to supplement his habeas petition, that motion is **GRANTED**.

After considering the grounds raised by Petitioner in his habeas petition, the arguments raised by Petitioner in his supplemental filings, the Magistrate Court's Report and Recommendation, and Petitioner's Objections thereto, the Court agrees with the Magistrate Court's conclusions that a writ of habeas corpus should not issue.

With respect to Petitioner's claim that he is entitled to relief based upon the Georgia Supreme Court's failure to consider the circumstances of his untimeliness, such a contention is not grounds for federal habeas corpus relief because it does not demonstrate error in the criminal defendant's conviction or sentence. See Quince v. Crosby, 360 F.3d 1259, 1261-662 (11th Cir. 2004)

("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Moreover, as the Magistrate Court concluded, federal court review of a decision by the Georgia Supreme Court on the issue of timeliness is barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983).

As to the merits of the petition, the Court also agrees with the Magistrate Court that Petitioner is procedurally barred from raising the four grounds enumerated in the instant petition. Petitioner contends that, despite the state habeas court's unambiguous conclusion that his four grounds of error were procedurally defaulted, this Court should nonetheless consider their merits because he has demonstrated "cause and prejudice."

Where a state court has determined that a claim is not reviewable due to procedural default, a federal court may not grant collateral relief unless the petitioner establishes both "cause" and "prejudice." See Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993) ("Absent a showing that the 'cause and prejudice' standard has been met, a federal court may not grant collateral relief to a state

7

habeas petitioner whose claims are nonreviewable in state court due to procedural default."). In this case, Petitioner's only allegation of "cause" sufficient to excuse the procedural default of his claims in state court rests on his claim that his appellate attorneys rendered unconstitutionally ineffective assistance.

The governing legal principle for claims involving the right to "reasonably effective" legal assistance is found in Strickland v. United States, 466 U.S. 668, 687 (U.S. 1984). The standard for analyzing ineffective assistance of counsel claims is two-pronged, and this Court is free to "dispose of [an] ineffectiveness claim on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 958-59 (11th Cir. 1992). A petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The court must be "highly deferential," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (internal citation omitted). A "strategic decision by

AO 72A
(Rev.8/82)

defense counsel will be held to constitute ineffective assistance 'only if it was so patently unreasonable that no competent attorney would have chosen it.'" Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987) (citation omitted). Under the second prong, Petitioner must show that counsel's unreasonable representation prejudiced him. Strickland, 466 U.S. at 692. That is, Petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000).

On appeal, counsel must be "highly selective about the issues to be argued." Johnson v. Alabama, 256 F.3d 1156, 1188 (11th Cir. 2001) (citation omitted). Reasonable appellate counsel may choose to pursue the claims he feels are most likely to prevail and winnow out the arguments he thinks are less persuasive. Id. Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings," under Strickland, there is no ineffective assistance of appellate counsel. Id.

9

Having reviewed the entire record, the Court concludes that Petitioner has failed to overcome the strong presumption that counsel was constitutionally effective. Petitioner rests his entire argument concerning ineffectiveness on counsel's failure to raise a challenge to the fact that his indictment was "not entered by the clerk upon the minutes of the Court," that the prosecutor engaged in misconduct, and that the conviction was erroneous because it was based on false testimony. Petitioner has failed to demonstrate how raising such issues before the Georgia Court of Appeals would have had any effect on the outcome of that proceeding. Moreover, counsel's decision to challenge the admissibility of similar transaction evidence as a part of Petitioner's direct appeal indicates professional competence. See Strickland, 466 U.S. at 690.

In sum, the Court concludes that Petitioner has failed to establish sufficient cause to excuse the procedural default. As such, Petitioner is not entitled to habeas relief.[1]  See Devier, 3 F.3d at 1455.

---

[1] Petitioner also argues in his Objections that his procedural default should be excused because to hold otherwise would be a fundamental miscarriage of justice. When a petitioner supplements a constitutional claim with a "colorable showing of factual innocence," the miscarriage-of-justice exception applies to waive a procedural default. Petitioner has failed to make such a colorable showing, and thus the Court cannot excuse Petitioner's procedural default on this basis. McCleskey v. Zant, 499 U.S. 467, 495 (1991).

## Conclusion

Insofar as Petitioner seeks to recast his Motion for Reconsideration Dismissal of Application for Certificate of Probable Cause [2]; Motion to Amend Application for Certificate of Probable Cause [3]; and Motions to Amend [6,7] as a Motion to Supplement his Petition, those Motions are **GRANTED**.  Petitioner's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**SO ORDERED** this   28th   day of September, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)